**Edwin G. MENARD and Wilma Menard**

v.

**FORD BRAZIL, S.A., Moore McCormack Lines, Inc., T. E. Quinn Trucking Lines, Ltd., Delaware Operating Co.**

Civ. A. No. 77–3833.

United States District Court,
E. D. Pennsylvania.

March 5, 1981.

James F. McBride, Philadelphia, Pa., for plaintiffs.

Richard W. Hollstein, Clark, Radner, Fortenbaugh & Young, Philadelphia, Pa., for defendants Moore McCormack Lines, Ltd.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff Edwin Menard was injured when a flatbed truck he was driving tipped over as the truck rounded a corner near Paoli, Pennsylvania. Menard had been hauling a container of Ford engines, manufactured and packaged in Brazil, and han-

dled by a number of carriers which are defendants in this case, including defendant Moore McCormack Lines.[1] Moore McCormack has moved for summary judgment.

Menard's theory is that the accident was caused by the shifting of the engines inside their container, due either to faulty packaging, or to mishandling during transit, or both. Menard argues that the evidence of Moore McCormack's exclusive control of the container, buttressed by the doctrine of *res ipsa loquitur*, sufficiently places in issue Moore McCormack's negligence to withstand a motion for summary judgment.

Menard and Moore McCormack both rely on the Restatement (Second) of Torts [Restatement] § 328 D.[2] That description of the doctrine was made the law in Pennsylvania in *Gilbert v. Korvette*, 457 Pa. 602, 327 A.2d 94 (1974). *Gilbert* itself is not directly useful: That involved two defendants with apparently concurrent responsibility for the instrumentality at issue; by contrast, the issue presented here is the applicability of the doctrine to a series of defendants, each of which had, for some identifiable period of time, exclusive control over the instrumentality.[3]

*Res ipsa loquitur* may be applicable to the present circumstances, and the jury may be so instructed at trial, if the condition, *inter alia*, is met that "other responsible causes ... are sufficiently eliminated by the evidence." Restatement § 328 D(1)(b); *see also* Comment *f.* and Illustration 10; *Gilbert, supra*, 457 A.2d at 101.[4] It may be unlikely that the state of the record at the close of trial will permit that jury instruction in this case. But a motion for summary judgment is not an invitation to engage in odds-calling; such a motion must be denied where there remains real dispute about any fact which, if found against the movant, would support a judgment in favor of the opposing party.

Presently, there are outstanding such disputes between Menard and defendants other than Moore McCormack, focusing on their alleged negligent handling of the container. Thus, it remains possible—even if today it seems unlikely—that resolution of these disputes may well eliminate "other responsible causes" sufficiently to permit the issue of Moore McCormack's liability—sole or joint—to be submitted to the jury.[5] Accordingly, the motion for summary judgment must be denied.

1. Moore McCormack owned and apparently operated the ship that transported the engines from Brazil to Philadelphia, where the engines were placed on Menard's truck.

2. § 328 D. *Res Ipsa Loquitur*
   (1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
   (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
   (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
   (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.
   (2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.
   (3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached.

3. Whether the statement of the issue comprehends the defendant's *control of* or *responsibility for* the instrumentality is not relevant in this

case; the parties have used the former notion, and the *Gilbert* court emphasized the latter. But Moore McCormack has not suggested that it was not "responsible for" the possible shifting of the engines during the time the cargo was on the ship. Consequently, the two notions are fungible here. *Compare*, 1A MOORE'S FEDERAL PRACTICE ¶ 0.315[2] at 3203, *with* Restatement (Second) of Torts § 328 D(1)(b) and (c).

4. This, presumably, comprehends the exclusion of other defendants' negligence, at least if it is inferable that only one defendant has been negligent. W. Prosser, *Law of Torts* § 39 at 224 (4th ed. 1971). The burden of excluding those competing causes, when lifted from plaintiff's shoulders, is generally lifted *only* when two or more defendants had concurrent responsibility for the instrumentality at issue at the time the asserted negligence occurred. *See, e. g.*, C. Morris, *Morris on Torts* 121–22 (2d ed. 1980).

5. This is not the context in which to weigh the evidence against Moore McCormack; that is best left to motions for directed verdicts.